By ti-ie Court.
This was a proceeding brought by the state, on relation of the attorney general, on behalf of Frank Bartlett, under and by virtue of Section 27 of the Workmen’s Compensation Law, Section 1465-74, General Code, on request of the Industrial Commission.
It is averred in the petition that the defendants in error were partners doing business in the name of Derrer Brothers in Franklin county, Ohio, and in September, 1914, and for some time prior, were engaged in the operation and maintenance of a dairy farm, and employed regularly under contract of hire five or more workmen, or operatives, in said farm and business, and were not subscribers to the state insurance fund, nor had they elected to pay *499 compensation direct to injured employes under Section 22 of the Workmen’s Compensation Act, Section 1465-69, General Code; that Bartlett on the 17th of September, 1914, and for some time prior, was employed regularly as a workman on said farm in the operation of same and under an express contract of hire.
The petition further contains allegations as to an injury to Bartlett while engaged in certain work specifically described in the petition, in the operation of feeding a power-driven ensilage cutter; that subsequently Bartlett filed his claim for compensation with the Industrial Commission and an allowance was made to him; that regular steps in accordance with the statute were taken to notify the defendants of such proceedings; and that defendants had refused to pay' such compensation. The petition prayed judgment for the amount of the allowance.
The answer of the defendants was a general denial.
On the trial, by consent of the parties, the cause was submitted to the court without the intervention of a jury. The court found upon the issues joined in favor of the defendants "and entered judgment accordingly. This judgment was affirmed by the court of appeals on error. This proceeding is brought to reverse the judgments below.
By the pleadings a direct Issue was made as to whether or not the defendants in error were partners, as claimed by the plaintiff below; and whether the defendants in error were at the time Bartlett *500 was in their employment employing five or more workmen or operatives regularly in the same business, within the meaning of Section 1465-61, General Code.
It was the duty of the court of appeals to weigh the evidence touching these issues, and the affirmance of the judgment of the common pleas by the court of appeals shows that it did not find that the judgment was against the weight of the evidence. In conformity to its well-established rule, this court will not weigh the evidence under the circumstances presented here, and the judgments of the courts below must be affirmed.

Judgments affirmed.

Nichols, C. J., Jones, Matthias, Johnson, Wanamaker and Robinson, JJ., concur.
Hough, J.,- not participating.